JOHN F. McLEAN v. THE CHARLOTTE, COLUMBIA AND
AUGUSTA RAILROAD COMPANY.

*Common Carrier—Contract—Interstate Commerce—Jurisdiction—Penalty.*

1. A contract with a railroad company to carry freight from a place within this State to a place within another State at a fixed price for the entire route, the price thus charged being greater than that required from others for same service, is not embraced by the provisions of §1966 of *The Code.*

2. Such a contract is also a matter affecting interstate commerce, the control of which is vested exclusively in Congress.

(*McGwigan* v. *Railroad,* 95 N. C., 428, cited and approved).

CIVIL ACTION, tried at February Term, 1886, of IREDELL Superior Court, before *MacRae, Judge.*

In deference to an intimation of his Honor, at the close of the testimony, that he was not entitled to recover, the plaintiff submitted to a nonsuit and appealed.

*Messrs. W. M. Robbins* and *B. F. Long,* for the plaintiff.
*Messrs. D. Schenck* and *Charles Price,* for the defendant.

SMITH, C. J.   The action is prosecuted against the defendant company as the lessee of the Atlantic, Tennessee and Ohio Railroad Company, in possession of and operating its road, to recover the penalty given in §1966 of *The Code.* In view of our decision in *McGwigan* v. *Railroad,* 95 N. C., 428, it becomes unnecessary to consider the particular rulings in the Court below shown in the record and intended for review in the appeal, since the same fundamental difficulty lies in the way of maintaining the action, as in other similar cases.   The complaint discloses a case where the contract was for the transportation of the goods from Mooresville on the road, to the city of Philadelphia, at a fixed price for the whole route.

It is not, therefore, within the terms of the statute, and if it were, the carriage comes within interstate commerce, the regulation of which vests exclusively in Congress.   This action must be dismissed at plaintiff's costs.

No error.                                    Affirmed.